# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30390

EDWINA F. FIELDS,

Plaintiff-Appellant,

v.

DEPARTMENT OF PUBLIC SAFETY,

Defendant-Appellee.

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-101

Before REAVLEY, JOLLY, and ELROD, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Edwina Fields sued her former employer, Defendant-Appellee Department of Public Safety (DPS), for hostile work environment based on sexual harassment. After a jury trial, the jury returned a verdict awarding Fields damages. The district court initially entered judgment for Fields on the verdict, but later vacated the judgment upon DPS's motion to vacate because of an inconsistency between the general verdict and the special answers. *See* Fed. R. Civ. P. 49(b)(3).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30390

Fields now appeals and argues that it was error for the district court to grant DPS's motion to vacate on the basis of an inconsistency in the verdict because, among other reasons, DPS forfeited its right to vacate the judgment when it failed to object to the verdict at the time the verdict was returned and before the jury was dismissed. *See Stancill v. McKenzie Tank Lines, Inc.*, 497 F.2d 529, 534–35 (5th Cir. 1974) ("By failing to object to the form of the verdict and answers at the time they were announced by the jury, both parties waived any objection to inconsistencies under Rule 49(b)."). In *Stancill*, we reasoned that when an objection pursuant to Rule 49(b) could have been made prior to the jury's dismissal, failure to make the objection waives a Rule 49(b) challenge to the jury verdict and judgment because an objection made prior to the jury's dismissal would have allowed the district court to "return the jury for further consideration of its answers and verdict." *Id.* at 535; *accord Diamond Shamrock Corp. v. Zinke & Trumbo, Ltd.*, 791 F.2d 1416, 1422–23 (10th Cir. 1986) (agreeing with the reasoning in *Stancill* and holding that failure to "object to the jury verdict on the alleged ground of inconsistency constituted a waiver of such contention on appeal"); *see also id.* (collecting cases in accord with *Stancill* from the First, Sixth, Seventh, Eighth, and Eleventh circuits).

Because DPS could have but failed to object to alleged inconsistencies in the jury verdict before the jury was dismissed and the judgment entered, we REVERSE and REMAND for reinstatement of the $120,000 compensatory damages award[1] and judgment in Fields's favor.

---

[1] Fields does not appeal the district court's vacatur of the $120,000 punitive damages award.